## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN ALBRIGHT on behalf of his daughter T.A., minor, ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:22-cv-05987-DLC |
| v. ) ) | |
| DAILY HARVEST, INC., and SECOND BITE FOODS, INC., d/b/a "STONE GATE FOODS", SMIRK'S LTD., AND JOHN DOE CORPORATIONS 1-5, ) ) ) ) ) | |
| Defendants. ) | |

### STIPULATED ~~[PROPOSED]~~ PROTECTIVE ORDER

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances; and

WHEREAS, it appears that discovery in the above-captioned action is likely to involve the disclosure of confidential information;

THE PARTIES HEREBY STIPULATE TO AND REQUEST THAT THE COURT ENTER THE FOLLOWING PROTECTIVE ORDER:

**1.    Application of Protective Order**

This Order shall apply to information, documents, excerpts from documents, and other materials, including testimony, produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery.

## 2.    Designation of Materials

(a)    Any party or third party to this litigation and any subpoenaed nonparty in this litigation ("the Designator") shall have the right to designate as confidential and subject to this Order any information, document, or thing, or portion of any document or thing: (i) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (ii) that contains private or confidential personal information, or (iii) that contains information received in confidence from third parties, or (iv) which the Designator otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. Any party or third party to this litigation, or any nonparty subpoenaed in this litigation, covered by this Order, who produces or discloses any Designated Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any Designator in this action.

(b)    For purposes of this order:

(i)    "CONFIDENTIAL" information means information, documents, or things that have not been made public and that the Designator reasonably and in good faith believes contain(s) or comprise(s) (A) trade secrets, (B) proprietary business information, or (C) information implicating an individual's legitimate expectation of privacy. No item shall be deemed Confidential if it (A) is disclosed in a printed publication available to the public or trade by reason of dissemination by one having the unrestricted right to do so, (2) is generally known throughout the trade and public, or (3) is or comes to be known to the receiving party through means not constituting a breach of any proprietary or confidential relationship or obligation or breach of this Order. Further, "CONFIDENTIAL" information shall not be construed to cover items lawfully obtained by a party independent of this litigation.

(ii)    "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information means CONFIDENTIAL information that the Designator reasonably and in good faith believes is so highly sensitive that its disclosure to the opposing party would create a substantial risk of serious harm to the Designator (including, but not limited to, harm of a competitive or commercial nature) that could not be avoided by less restrictive means.

(c)    Documents shall be designated by stamping or otherwise prominently marking the documents with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be marked by the Designator in a reasonably equivalent way.

(d)     Deposition transcripts or portions thereof may be designated either:

(i)     when the testimony is recorded, in which case the Designator may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 3(a) of this Order; or,

(ii)    by written notice to all counsel of record, given within twenty-one (21) calendar days after the Designator's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designator. Pending expiration of the twenty-one (21) calendar days, the deposition transcript shall be treated as designated "CONFIDENTIAL."

(e)     Exercise of Restraint and Care in Designating Material for Protection. Each party, third party, or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designator must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties, third parties, or nonparties) may expose the Designator to sanctions.

If it comes to a Designator's attention that information or items that it designated for protection do not qualify for protection, that Designator must promptly notify all other parties, third parties, and relevant nonparties that it is withdrawing the inapplicable designation.

(f)     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. In the event that any document, testimony, or information that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation is inadvertently provided or produced without such designation, the party, third party, or nonparty that inadvertently provided or produced the document, testimony, or information shall give written notice of such inadvertent production within fourteen (14) calendar days of discovery of the inadvertent revealing or production, together with a further copy of the subject document, testimony, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the parties, third parties, and any relevant nonparties will agree to use the designated version of the inadvertently produced document, testimony, or information for all purposes related to this litigation and will not use the inadvertently produced document, testimony, or information for any other purpose.

(g)      Any party or third party to this action, or subpoenaed nonparty in this action, may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any material produced in this litigation by any other person or entity by providing written notice to all parties and third parties to this action within thirty (30) calendar days after receiving such materials or information and providing a copy of the materials or information clearly labeled, stamped, or otherwise marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and the additional words "as designated by [name of the Designator]."

3.      **Restrictions on Designated Material**

(a)      Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

(i)      <u>Outside Counsel</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to outside counsel of record for parties to this action and their associates, paralegals, and regularly employed office staff. For purposes of this section "outside counsel" are attorneys who are not employees of any party.

(ii)      <u>Parties</u>: Designated Material that is designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers, and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may not be disclosed to the parties to this action or

directors, officers, and employees of parties to this action, except as this Order expressly otherwise provides.

(iii)     <u>In-House Counsel</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to one or more designated "in-house" attorneys (i.e. attorneys who are employees of the party).

(iv)     <u>Witnesses or Prospective Witnesses</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness.

(v)     <u>Outside Experts</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation.

(vi)     <u>Representatives of Insurance Companies</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to representatives of insurance companies where outside counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this case.

(vii)     <u>Other Persons</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be provided as

(d)      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

(e)      Any party or third party may employ Designated Material as a deposition exhibit, provided the deposition witness and all persons in attendance at the deposition are persons to whom the exhibit may be disclosed under Paragraph 3(a) of this Order. The exhibit and related deposition transcript pages shall receive the same confidentiality designation as the original Designated Material.

**4.      Objections to Designations.**

A party or third party may submit a request in writing to the Designator who produced Designated Material that the designation be modified or withdrawn. If the Designator does not agree to the redesignation within twenty-one (21) calendar days of receipt of the written request, then the objector may apply to the Court for relief.  Upon any such application, the burden shall be on the Designator to show why the designation is proper. Before serving a written challenge, the objector must attempt in good faith to meet and confer with the Designator in an effort to resolve the matter.

**5.      Use of Designated Materials in Court Filings and at Trial**

(a)      Any Designated Material that becomes part of an official judicial proceeding or that is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including the Local Rules of this Court. ~~and~~ this Court's Individual Practices in Civil Cases, section 6 of the Court's ECF Rules and Instructions and the Court's Standing Order 19-mc-00583 This Protective Order does not provide for the automatic sealing of such Designated Material. A party or third party who wishes to file material designated by another as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in letter ~~a~~ motion no longer than two (2) pages support of or in opposition to a motion must file a ~~motion~~ to seal the Designated Material,

regardless of whether the filing party believes the documents meet the standard for sealing, unless the filing party obtains the prior written permission of the Designator to file the material on the public docket. The ~~Designator must then file a memorandum supporting~~ *letter motion must explain the reasons for seeking to file* ~~the assertion that grounds exist for sealing~~ the documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." *under seal.*

(b)     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

## 6.     Treatment of Confidential Material After Final Conclusion of Action

Upon final conclusion of this action, each party, third party, or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing confidential material promptly (and in no event later than forty-five (45) days after entry of final judgment), or alternatively, each party, third party, or other individual subject to the terms hereof shall provide to the originating source a certification (no later than forty-five (45) days after entry of final judgment) that all such materials, including all copies of confidential material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing confidential material, have been destroyed. Provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party or third party requests the return of confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party or third party shall file a motion seeking such relief.

necessary to copying services, translators, court reporters, and litigation support firms.

(viii) <u>Court Personnel</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be provided as necessary to the Court and its employees in this case.

(ix) <u>Neutral Evaluators</u>: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be provided as necessary to mediators and other neutral evaluators either assigned to the case by the Court or retained for the case by mutual agreement of the parties.

(b) Prior to disclosing or displaying any Designated Material to any person, counsel shall inform the person of the confidential nature of the Designated Material and inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or those documents to any other person pursuant to the terms of this Order.

(c) The Designated Material may be displayed to and discussed with the persons identified in Paragraphs 3(a)(ii)-(vi) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party or third party desiring to disclose the Designated Material may seek appropriate relief from the Court. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

(d)     A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

(e)     Any party or third party may employ Designated Material as a deposition exhibit, provided the deposition witness and all persons in attendance at the deposition are persons to whom the exhibit may be disclosed under Paragraph 3(a) of this Order. The exhibit and related deposition transcript pages shall receive the same confidentiality designation as the original Designated Material.

**4.     Objections to Designations.**

A party or third party may submit a request in writing to the Designator who produced Designated Material that the designation be modified or withdrawn. If the Designator does not agree to the redesignation within twenty-one (21) calendar days of receipt of the written request, then the objector may apply to the Court for relief.  Upon any such application, the burden shall be on the Designator to show why the designation is proper. Before serving a written challenge, the objector must attempt in good faith to meet and confer with the Designator in an effort to resolve the matter.

**5.     Use of Designated Materials in Court Filings and at Trial**

(a)     Any Designated Material that becomes part of an official judicial proceeding or that is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material. A party or third party who wishes to file material designated by another as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in support of or in opposition to a motion must file a motion to seal the Designated Material,

regardless of whether the filing party believes the documents meet the standard for sealing, unless the filing party obtains the prior written permission of the Designator to file the material on the public docket. The Designator must then file a memorandum supporting the assertion that grounds exist for sealing the documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(b)     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

**6.    Treatment of Confidential Material After Final Conclusion of Action**

Upon final conclusion of this action, each party, third party, or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing confidential material promptly (and in no event later than forty-five (45) days after entry of final judgment), or alternatively, each party, third party, or other individual subject to the terms hereof shall provide to the originating source a certification (no later than forty-five (45) days after entry of final judgment) that all such materials, including all copies of confidential material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing confidential material, have been destroyed. Provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party or third party requests the return of confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party or third party shall file a motion seeking such relief.

The final determination or settlement of this action as to any or all parties or third parties shall not relieve any person or entity who has received confidential material from the obligations imposed by this Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. All persons or entities subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

7.    **Inadvertent Production and Privilege**

(a)    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.

(b)    If a party, third party, or nonparty becomes aware that it has inadvertently produced information or documents protected by the attorney-client privilege, or other privilege or immunity, the party, third party, or nonparty will promptly notify each recipient in writing of the inadvertent production. Upon receipt of notice of the assertion of privilege or protection over produced information, each recipient will:

(i) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Designator and/or producer of the documents or information, and maintain the contested documents or information in confidence pending resolution of the contest by the parties or the Court; and

(ii) to whatever extent the recipient does not contest the assertion of privilege or protection, promptly certify in writing to the Designator and/or producer of the documents or information that it has returned or destroyed the applicable

11

document(s) and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

(c)      In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved after meeting and conferring in good faith, the recipient may file a motion with the Court seeking to challenge the assertion of privilege. The Designator bears the burden of establishing the privileged nature of any inadvertently produced information or material.

(d)      Each recipient shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose, until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a recipient may use the inadvertently produced information or materials to respond to a motion by the Designator seeking return or destruction of such information or materials, but, if the material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Designator must seek an order to file any such material under seal, with the Designator to supply a memorandum supporting the assertion that grounds exist for sealing the documents sought to be sealed.

(e)      If a recipient becomes aware that it is in receipt of information or materials that it knows or reasonably should know is/are privileged, Counsel for the recipient shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designator and/or producer of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designator and/or producer, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

12

(f)     Pursuant to Fed. R. Evid. 502(d), any party or third party's production of documents covered by an applicable privilege or protection, whether such production is inadvertent or otherwise, shall not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state proceeding. Nothing in this paragraph shall require a party or third party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

**8.     Designated Material Subpoenaed**

In the event any Designated Material is demanded from any party, third party, or nonparty by way of subpoena, governmental request, court order, or otherwise, that subpoenaed person or entity shall immediately notify all other parties, third parties, and any nonparty who designated the confidential material at issue of the demand. The notice given to the other parties, third parties, and any designating nonparties shall, in all events, be given before any production or disclosure of Designated Material and shall include a copy of the subpoena, governmental request, or court order so as to allow sufficient time for the Designator to challenge or resist such production or disclosure. Upon receipt of this notice, the Designator may, in its sole discretion and at its own cost, move to quash or limit the subpoena or court order, otherwise oppose production of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. Moreover, if the Designator timely seeks a protective order from the court that issued the subpoena or court order, the party, third party, or other person or entity served with the subpoena or court order shall not produce any information

designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

EYES ONLY" before a determination by the court from which the subpoena or order issued, unless

the person or entity has obtained the Designator's permission.

**9.     Discovery Requests to Produce Another's Confidential Information**

If a party, third party, or nonparty ("Request Recipient") is served with a valid discovery

request in this action to produce another party, third party, or nonparty's confidential information

in its possession, and the Request Recipient is subject to an agreement with the other party, third

party, or nonparty not to produce the other's confidential information, then the Request Recipient

shall: (a) within seven (7) days of receiving the request, notify in writing the requesting party and

the other party, third party, or nonparty, whose confidential information is at issue, that some or

all of the information requested is subject to a confidentiality agreement with the other party, third

party, or nonparty; (b) at the same time as providing notice under (a) also provide the other party,

third party, or nonparty with a copy of this Order, the relevant discovery request(s), and a

reasonably specific description of the information requested; and (c) at the same time as providing

notice under (a) also provide the requesting party with a copy of any confidentiality agreements at

issue. If the party, third party, or nonparty fails to object or seek a protective order from the Court

within fourteen (14) days of receiving the notice and accompanying information, the Request

Recipient shall produce the other party, third party, or nonparty's confidential information

responsive to the discovery request. If the other party, third party, or nonparty timely objects or

seeks a protective order, the Request Recipient shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the other party, third party, or

nonparty before a determination by the Court. Absent a court order to the contrary, the other party,

third party, or nonparty shall bear the burden and expense of seeking protection from the Court of its confidential information.

**10.     Other Orders and Rights Not Prejudiced**

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute waiver of any party or third party's claim or defense in this action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law. The foregoing is entirely without prejudice to the right of any party or third party: to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or to apply to the Court for modification of this Order; or to seek any other relief from the Court.

**11.     Survival of Order**

This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

**12.     Modifications to Order**

The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

Respectfully submitted,

Dated: January 31, 2023

_/s/ Jeffrey S. Jacobson_
Jeffrey S. Jacobson

So ordered.

_Denise Cote_
2/1/23

15

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
jeffrey.jacobson@faegredrinker.com

Sarah L. Brew (*pro hac vice*)
Alyssa L. Rebensdorf (*pro hac vice*)
**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
sarah.brew@faegredrinker.com
alyssa.rebensdorf@faegredrinker.com

*Attorneys for Defendant Daily Harvest, Inc.*

Dated: January 31, 2023

/s/ Paul Vincent Nunes
Paul Vincent Nunes
**Heisman Nunes & Hull LLP**
69 Cascade Drive, Suite 102
Rochester, NY 14614
585-270-6922
Email: PNunes@HNHattorneys.com

William Marler
**Marler Clark, LLP PS**
1012 First Avenue, Suite 500
Seattle, WA 98104
206-346-1888
Email: bmarler@marlerclark.com

*Attorneys for Plaintiff Justin Albright on behalf of
his daughter T.A., a minor*

Dated: January 31, 2023

/s/ Joseph C. Baiocco
Joseph C. Baiocco
**Wilson Elser Moskowitz Edelman & Dicker LLP**
1133 Westchester Avenue
White Plains, NY 10604
914-872-7338
Email: joseph.baiocco@wilsonelser.com

Bryan Thomas Vannini
**Wilson Elser Moskowitz Edelman & Dicker LLP**

16

1010 Washington Blvd., 6th Floor
Stamford, CT 06905
203-388-2381
Email: bryan.vannini@wilsonelser.com

*Attorneys for Defendant Second Bite Foods, Inc. d/b/a "Stone Gate Foods"*

Dated: January 31, 2023

*/s/ Scott Lawrence Haworth*
Scott Lawrence Haworth
**Haworth Barber & Gerstman, LLC**
80 Broad Street, 24th Floor
New York, NY 10004
212-952-1100
Email: scott.haworth@hbandglaw.com

*Attorneys for Defendant Smirk's Ltd.*

EXHIBIT A

AGREEMENT AND ACKNOWLEDGEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Southern District of New York on _____

[print or type date Order was entered] in the case of *Albright v. Daily Harvest, Inc., et al.*, No.

1:22-cv-05987-DLC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further understand that I am to retain all copies of materials marked "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" provided to me in this action in a

secure manner, and that all copies of such materials are to remain in my personal custody until

termination of this action, whereupon the copies of such materials will be returned or destroyed in

compliance with Section 6 of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## [PROPOSED] ORDER

Pursuant to the stipulation of the parties, and with good cause appearing, the Court hereby

enters the Stipulated Protective Order.

DATED: _____    _____

DENISE L. COTE
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I electronically filed the foregoing **STIPULATED [PROPOSED] PROTECTIVE ORDER** with the Clerk of the USDC, Southern District of New York, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Jeffrey S. Jacobson
Jeffrey S. Jacobson