UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN ALBRIGHT on behalf of his daughter
T.A., a minor

                                Plaintiff,

vs.

DAILY HARVEST, INC., SECOND BITE
FOODS, INC., d/b/a "STONE GATE FOODS",
SMIRK'S LTD., MOLINOS ASOCIADOS SAC,
and JOHN DOE CORPORATIONS 1-5,

                                Defendants.

**STONE GATE FOODS' ANSWER AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Case No. 22-cv-5987 (DLC) (SLC)

Defendant, SECOND BITE FOODS, INC., d/b/a STONE GATE FOODS ("Stone Gate Foods"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, answers Plaintiff's Third Amended Complaint as follows:

## PARTIES

1.1    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.1 of Plaintiff's Third Amended Complaint.

1.2    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.2 of Plaintiff's Third Amended Complaint.

1.3    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.3 of Plaintiff's Third Amended Complaint.

1.4    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.4 of Plaintiff's Third Amended Complaint.

1.5    Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.5 of Plaintiff's Third Amended Complaint.

1.6     Stone Gate Foods admits it is incorporated and a citizen of the State of Minnesota. Stone Gate Foods denies the remaining allegations in paragraph 1.6 of Plaintiff's Third Amended Complaint.

1.7     Stone Gate Foods admits it manufactured specialty foods, including Defendant Daily Harvest's French Lentil and Leek Crumbles but denies the remaining allegations in paragraph 1.7 of Plaintiff's Third Amended Complaint.

1.8     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.8 of Plaintiff's Third Amended Complaint.

1.9     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.9 of Plaintiff's Third Amended Complaint.

1.10    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.10 of Plaintiff's Third Amended Complaint.

1.11    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.11 of Plaintiff's Third Amended Complaint.

1.12    Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.12 of Plaintiff's Third Amended Complaint.

## JURISDICTION AND VENUE

2.1     The allegations in paragraph 2.1 of Plaintiff's Third Amended Complaint are conclusion of law to which no answer is required.

2.2     Stone Gate Foods admits it manufactured the Daily Harvest French Lentil and Leek Crumbles that are the subject of this action but denies the remaining allegations in paragraph 2.2 of Plaintiff's Third Amended Complaint.

2.3   Stone Gate Foods admits the first sentence of paragraph 2.3 of Plaintiff's Third Amended Complaint. Stone Gate Foods denies the remaining allegations in paragraph 2.3 of Plaintiff's Third Amended Complaint.

2.4   The allegations in paragraph 2.4 of Plaintiff's Third Amended Complaint are conclusion of law to which no answer is required. To the extent that an answer is deemed necessary, those allegations are denied.

2.5   The allegations in paragraph 2.5 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required.

2.6   Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.6 of Plaintiff's Third Amended Complaint.

2.7   The allegations in paragraph 2.7 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, those allegations are denied.

2.8   The allegations in paragraph 2.8 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required.

2.9   The allegations in paragraph 2.9 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.9 of Plaintiff's Third Amended Complaint.

2.10  The allegations in paragraph 2.10 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, those allegations are denied.

2.11  The allegations in paragraph 2.11 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, those allegations are denied.

## **GENERAL ALLEGATIONS**

3.1  Upon information and belief, Stone Gate Foods admits Daily Harvest initiated a recall of its French Lentil and Leek Crumbles on June 17, 2022.

3.2  Stone Gate Foods denies the allegations in paragraph 3.2 of Plaintiff's Third Amended Complaint.

3.3  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.3 of Plaintiff's Third Amended Complaint.

3.4  Stone Gate Foods admits the allegations in paragraph 3.4 of Plaintiff's Third Amended Complaint.

3.5  Upon information and belief, Stone Gate Foods admits the allegations in paragraph 3.5 of Plaintiff's Third Amended Complaint.

3.6  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.6 of Plaintiff's Third Amended Complaint.

3.7  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.7 of Plaintiff's Third Amended Complaint.

3.8  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.8 of Plaintiff's Third Amended Complaint.

3.9  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.9 of Plaintiff's Third Amended Complaint.

3.10 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.10 of Plaintiff's Third Amended Complaint.

3.11 Stone Gate Foods denies the French Lentil and Leek Crumbles were contaminated and caused T.A.'s injuries. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.11 of Plaintiff's Third Amended Complaint.

3.12 Stone Gate Foods denies the allegations in paragraph 3.12 of Plaintiff's Third Amended Complaint.

3.13 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.13 of Plaintiff's Third Amended Complaint.

### T.A.'s Illness

4.1 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.1 of Plaintiff's Third Amended Complaint.

4.2 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.2 of Plaintiff's Third Amended Complaint.

4.3 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.3 of Plaintiff's Third Amended Complaint.

4.4 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.4 of Plaintiff's Third Amended Complaint.

4.5 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.5 of Plaintiff's Third Amended Complaint.

4.6 Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.6 of Plaintiff's Third Amended Complaint.

4.7   Stone Gate Foods denies the allegations in paragraph 4.7 of Plaintiff's Third Amended Complaint.

## CAUSES OF ACTION

### Count I

5.1   Stone Gate Foods incorporates by reference its responses to paragraphs 1.1 through 4.7 of Plaintiff's Third Amended Complaint, as if fully set forth herein.

5.2   Stone Gate Foods denies the allegations in paragraph 5.2 of Plaintiff's Third Amended Complaint.

5.3   Stone Gate Foods denies the allegations in paragraph 5.3 of Plaintiff's Third Amended Complaint.

5.4   Stone Gate Foods denies the allegations in paragraph 5.4 of Plaintiff's Third Amended Complaint.

5.5   Stone Gate Foods denies the allegations in paragraph 5.5 of Plaintiff's Third Amended Complaint.

5.6   Stone Gate Foods denies the allegations in paragraph 5.6 of Plaintiff's Third Amended Complaint.

5.7   Stone Gate Foods denies the allegations in paragraph 5.7 of Plaintiff's Third Amended Complaint.

### Count II

5.8   Stone Gate Foods incorporates by reference its responses to paragraphs 1.1 through 5.7 of Plaintiff's Third Amended Complaint.

5.9   Stone Gate Foods denies the allegations in paragraph 5.9 of Plaintiff's Third Amended Complaint.

5.10  Stone Gate Foods denies the allegations in paragraph 5.10 of Plaintiff's Third Amended Complaint.

5.11  Stone Gate Foods denies the allegations in paragraph 5.11 of Plaintiff's Third Amended Complaint.

5.12  Stone Gate Foods denies the allegations in paragraph 5.12 of Plaintiff's Third Amended Complaint.

## Count III

5.13  Stone Gate Foods incorporates by reference its responses to paragraphs 1.1 through 5.12 of Plaintiff's Third Amended Complaint.

5.14  Stone Gate Foods denies the allegations in paragraph 5.14 of Plaintiff's Third Amended Complaint.

5.15  Stone Gate Foods denies the allegations in paragraph 5.15 of Plaintiff's Third Amended Complaint.

5.16  Stone Gate Foods denies the allegations in paragraph 5.16 of Plaintiff's Third Amended Complaint.

5.17  Stone Gate Foods denies the allegations in paragraph 5.17 of Plaintiff's Third Amended Complaint.

5.18  Stone Gate Foods denies the allegations in paragraph 5.18 of Plaintiff's Third Amended Complaint.

## Count IV

5.19  Stone Gate Foods incorporates by reference its responses to paragraphs 1.1 through 5.18 of Plaintiff's Third Amended Complaint.

5.20  The allegations in paragraph 5.20 of Plaintiff's Third Amended Complaint are conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, those allegations are denied.

5.21  Stone Gate Foods denies the allegations in paragraph 5.21 of Plaintiff's Third Amended Complaint.

5.22  Stone Gate Foods denies the allegations in paragraph 5.22 of Plaintiff's Third Amended Complaint.

## DAMAGES

6.1  Stone Gate Foods denies the allegations in paragraph 6.1 of Plaintiff's Third Amended Complaint.

## JURY DEMAND

7.1  The statement in paragraph 7.1 of Plaintiff's Third Amended Complaint contains a conclusion of law for which no answer is required.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, Stone Gate Foods states as follows:

### First Affirmative Defense

Stone Gate Foods reserves the right to claim the limitations of liability provided pursuant to General Obligations Law §15-108 and Article 16 of New York's Civil Practice Law and Rules ("CPLR").

### Second Affirmative Defense

To the extent that plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitative services, and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be

insurance, the Patient Protection and Affordable Care Act, Social Security payments, or other such programs, in accordance with the provisions of CPLR §4545.

### Third Affirmative Defense

The Amended Complaint and each count thereof fails to state a claim upon which relief may be granted against Stone Gate Foods as Stone Gate Foods neither had nor breached any duty of care to Plaintiffs.  Stone Gate Foods duty of care was limited to its contractual obligations with Daily Harvest, which Stone Gate Foods did not breach.

### Fourth Affirmative Defense

Plaintiffs' claims against Stone Gate Foods should be dismissed because there is no privity between Plaintiff and Stone Gate Foods.

### Fifth Affirmative Defense

Stone Gate Foods denies each and every allegation of the Amended Complaint not otherwise expressly admitted, above, and demands strict proof thereof.

### Sixth Affirmative Defense

Plaintiffs' claims separately and severally, are barred by the doctrines of laches, estoppel, and waiver.

### Seventh Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were not the result of any action or omission on the part of Stone Gate Foods but rather by reason of an idiosyncratic nature, other reaction, or Plaintiffs' pre-existing and/or subsequent conditions, disease, or disabilities, over and of which Stone Gate Foods had no knowledge or control.

**Eighth Affirmative Defense**

This lawsuit is barred by preemption of Plaintiffs' claims under federal law, regulations, statutes, or agency action because the food product at issue was in compliance with all federal, legislative, regulatory, and administrative standards and requirements relating to the product. This lawsuit is also barred, in whole or in part, by the deference given to the primary jurisdiction of the FDA over the subject product under applicable federal laws, rules, and regulations.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because the alleged product complied with all applicable laws and regulations to which the product was in any way subject.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred because the French Lentil and Leek Crumbles manufactured by Stone Gate Foods were fit for their ordinary and intended purposes.

**Eleventh Affirmative Defense**

If any product manufactured by Stone Gate Foods was involved as alleged, the use of such product was not proper, was not in accordance with the procedures provided, including procedures associated with the preparation of the product, and therefore the product was altered and/or misused by a party outside the control of Stone Gate Foods.

**Twelfth Affirmative Defense**

If Plaintiffs should prove that she sustained injuries, such injuries resulted from acts or omissions on the part of third parties over whom Stone Gate Foods had neither control nor right of control and any such liability of Stone Gate Foods, which is denied, should be reduced by the percentage of fault of these third parties.

### Thirteenth Affirmative Defense

Plaintiffs' failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 19.

### Fourteenth Affirmative Defense

Plaintiffs' alleged injuries were caused, in whole or party, by her own negligence.

### Fifteenth Affirmative Defense

The alleged injuries and damages of Plaintiffs are the sole and proximate consequence of misuse, abnormal use, or improper use of the product referred to in Plaintiffs' Amended Complaint. Stone Gate Foods was not the proximate cause of Plaintiffs' alleged injuries.

### Sixteenth Affirmative Defense

Plaintiffs' claims may be barred by res judicata, release, limitations of express and/or implied warranties, and/or accord and satisfaction.

### Seventeenth Affirmative Defense

Plaintiffs failed to mitigate her alleged damages.

### Eighteenth Affirmative Defense

Plaintiffs' claims against Stone Gate Foods should be dismissed or stayed as they are intertwined with the claims against Daily Harvest and thus subject to the arbitration agreement contained in Daily Harvest's Terms of Use.

### Nineteenth Affirmative Defense

If Plaintiffs should prove that she sustained injuries, such injuries resulted from superseding and intervening causes over which Stone Gate Foods lacked any control.

### Twentieth Affirmative Defense

This case should be dismissed or transferred as the current forum is an improper venue or inconvenient venue in which to try this case.

### Twenty-first Affirmative Defense

This Court lacks jurisdiction over the person of Stone Gate Foods, and for this reason, the Complaint should be dismissed as to Stone Gate Foods.

### Twenty-Second Affirmative Defense

The claims against Stone Gate Foods are barred because the alleged defect in the product was unknown and could not reasonably be discerned by Stone Gate Foods as a contract manufacturer of the product.

### Twenty-Third Affirmative Defense

The claims against Stone Gate Foods are barred because any warning to be provided in connection with the product was to be made by a responsible intermediary who is the distributor of that product, and not Stone Gate Foods.

### Twenty-Fourth Affirmative Defense

The claims against Stone Gate Foods are barred because Plaintiffs have not and cannot exclude alternative reasonable causes of Plaintiffs' alleged injury.

### Twenty-Fifth Affirmative Defense

Stone Gate Foods reserves the right to assert additional affirmative defenses that may arise through facts determined during the course of additional investigation and discovery.

### AS AND FOR STONE GATE FOODS' FIRST CROSS-CLAIM AGAINST DEFENDANTS DAILY HARVEST, SMIRKS, AND MOLINOS

1. Stone Gate Foods repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2.  If Plaintiff was caused to sustain the injuries and damages as set forth in Plaintiff's Complaint, other than through Plaintiff's own negligence, carelessness, recklessness, and/or assumption of risk, said injuries and damages were sustained by reason of the acts of negligence, carelessness, and/or violations of law on the part of Defendants, Daily Harvest and Smirks, there being no active or primary wrongdoing on the part of Stone Gate Foods.

3.  By reason of the foregoing, Stone Gate Foods is entitled to contribution and apportionment for all or part of any verdict or judgment that Plaintiff may recover against Stone Gate Foods.

### AS AND FOR STONE GATE FOODS' SECOND CROSS-CLAIM AGAINST DEFENDANT SMIRK'S

4.  Stone Gate Foods repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

5.  If Plaintiff was caused to sustain the injuries and damages as set forth in Plaintiff's Complaint, other than through Plaintiff's own negligence, carelessness, recklessness, and/or assumption of risk, said injuries and damages were sustained by reason of the acts of negligence, carelessness, and/or violations of law on the part of Defendant, Smirk's, there being no active or primary wrongdoing on the part of Stone Gate Foods.

6.  Smirk's entered into an agreement with Daily Harvest whereby Smirk's agreement to defend, indemnify and hold harmless Stone Gate Foods from any third party claim arising out of the negligence of Smirk's or to the extent that ingredients supplied by Smirk's do not conform to applicable law.

7.  Plaintiff's claims asserted against Stone Gate Food arise out of either the negligence of Smirk's or the failure of a Smirk's supplied ingredient to confirm to applicable law.

8. By reason of the foregoing, Stone Gate Foods is entitled to full protection, including a defense and indemnity from Smirk's arising out of Plaintiff's claims, and for judgment over and against Smirk's for all of any verdict or judgment that Plaintiff may recover against Stone Gate Foods, together with attorneys' fees and expenses incurred by Stone Gate Foods in the defense of this lawsuit.

### AS AND FOR STONE GATE FOODS' THIRD CROSS-CLAIM AGAINST MOLINOS ASOCIADOS SAC

9. Stone Gate Foods repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

10. If Plaintiff was caused to sustain the injuries and damages as set forth in Plaintiff's Complaint, other than through Plaintiff's own negligence, carelessness, recklessness, and/or assumption of risk, said injuries and damages were sustained by reason of the acts of negligence, carelessness, and/or violations of law on the part of Molinos Asociados SAC, there being no active or primary wrongdoing on the part of Stone Gate Foods.

11. By reason of the foregoing, Stone Gate Foods is entitled to full protection, including indemnity from Molinos arising out of Plaintiff's claims, and for judgment over and against Molinos for all of any verdict or judgment that Plaintiff may recover against Stone Gate Foods, together with attorneys' fees and expenses incurred by Stone Gate Foods in defense of this lawsuit.

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint, Stone Gate Foods respectfully requests that this Court dismiss this action as to Stone Gate Foods and grant Stone Gate Foods any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Joseph C. Baiocco
*Attorneys for Defendants*
*Second Bite Foods, Inc. d/b/a Stone Gate Foods*
1133 Westchester Ave.
White Plains, New York 10604-3407
Tel: (914) 872-7338
E-mail: joseph.baiocco@wilsonelser.com
File No.: 24620.00002

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will provide notification to the following counsel of record:

*Counsel for Plaintiff*
Mitchell Segal
1129 Northern Blvd., Ste. 404
Manhasset, New York 11030
Telephone: (516) 415-0100
msegal@segallegal.com

*Counsel for Co-Defendant, Daily Harvest, Inc.*
Jeffrey Jacobson
Faegre Drinker Biddle & Reath, LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248 – 3140
jeffrey.jacobson@faegredrinker.com

*Counsel for Co-Defendant Smirk's LTD.*
Scott Haworth
Haworth Barber & Gerstman, LLC
80 Broad St., 24th Floor
New York, New York 10004
Telephone: (212) 952 – 1101
scott.haworth@hbandglaw.com

_____
Joseph Baiocco