UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :   22cv5987(DLC);  23cv1607(DLC);
In re: Daily Harvest, Inc.             :   23cv1617(DLC);  23cv1620(DLC);
Products Liability Litigation          :   23cv1627(DLC);  23cv1633(DLC);
                                       :   23cv1640(DLC);  23cv1643(DLC);
-------------------------------------- X   23cv1648(DLC);  23cv1649(DLC);
                                           23cv1651(DLC);  23cv1653(DLC);
                                           23cv1658(DLC);  23cv1659(DLC);
                                           23cv1660(DLC);  23cv1662(DLC);
                                           23cv1663(DLC);  23cv1664(DLC);
                                           23cv1666(DLC);  23cv1668(DLC);
                                           23cv1672(DLC);  23cv1673(DLC);
                                           23cv1681(DLC);  23cv1683(DLC);
                                           23cv1686(DLC);  23cv1688(DLC);
                                           23cv1692(DLC);  23cv1694(DLC);
                                           23cv1703(DLC);  23cv1705(DLC);
                                           23cv1709(DLC);  23cv1712(DLC);
                                           23cv1713(DLC);  23cv1718(DLC);
                                           23cv1721(DLC);  23cv1725(DLC);
                                           23cv1727(DLC);  23cv1732(DLC);
                                           23cv1734(DLC);  23cv1736(DLC);
                                           23cv1737(DLC);  23cv1740(DLC);
                                           23cv1741(DLC);  23cv1742(DLC);
                                           23cv1743(DLC);  23cv1744(DLC);
                                           23cv1745(DLC);  23cv1748(DLC);
                                           23cv1750(DLC);  23cv2038(DLC);
                                            23cv2466(DLC);  23cv2607(DLC)

                                              COORDINATION ORDER

DENISE COTE, District Judge:

     Since August 17, 2022, this Court has presided over litigation filed by plaintiffs who assert that they were harmed by ingesting French Lentil + Leek Crumbles, a product sold by Daily Harvest, Inc. and manufactured by Second Bite Foods, Inc., d/b/a Stone Gate Foods with tara flour supplied by Smirk's Ltd.

(the "Daily Harvest Litigation"). Other actions involving the same subject matter have been filed in other courts (the "Related Actions"). This Order seeks to enhance judicial efficiency, avoid undue burden on parties and third parties, and promote the just and coordinated resolution of all the cases that involve the same subject matter as the Daily Harvest Litigation. To that end, the Order sets out principles and procedures for the coordination of pre-trial proceedings in the Daily Harvest Litigation and Related Actions. A Related Action in which this Coordination Order has been adopted is hereafter referred to as a "Coordinated Action."

It is the intent of this Coordination Order that the parties in the Daily Harvest Litigation shall take the lead in conducting discovery, that counsel in Coordinated Actions will have an opportunity to participate in that discovery, and that discovery produced and conducted in the Daily Harvest Litigation will be available to counsel in Coordinated Actions. It is recognized that the court in a Coordinated Action will decide on the admissibility at any Coordinated Action proceeding of any evidence procured through this Order. Accordingly, it is hereby

ORDERED that the parties are to work together to coordinate discovery to the maximum extent feasible in order to avoid

2

duplication of discovery and to promote the efficient and speedy resolution of the Daily Harvest Litigation and the Coordinated Actions. To that end, the following procedures for discovery, settlement conferences, and other pretrial proceedings shall be adopted:

A. **Discovery and Pretrial Scheduling**

1. All discovery and pretrial scheduling in the Coordinated Actions will be coordinated to the fullest extent possible with the discovery and pretrial scheduling in the lead case in the Daily Harvest Litigation, Albright v. Daily Harvest, Inc., et al., 1:22-cv-5987 (the "Albright Proceeding"). The Albright Proceeding shall be used as the lead case for discovery and pretrial scheduling in the Coordinated Actions. Additional discovery, including case-specific discovery, may be taken upon consent or a showing of good cause. The parties in each Coordinated Action shall follow the Albright Proceeding's discovery schedule, are bound by the discovery rulings in the Albright Proceeding, and shall not engage in duplicative discovery already taken or being taken in the Albright Proceeding.

2. The Albright Defendants shall apprise the Albright Court and opposing counsel at each status conference in the

3

Albright Proceeding of matters of significance in Coordinated Actions to enable the Albright Court and the parties to effectuate appropriate coordination.

3. Plaintiffs in the Coordinated Actions and their counsel shall be entitled to participate in discovery in the Albright Proceeding as set forth in this Order and under the terms of the Albright Protective Order and any subsequent order entered in the Albright Proceeding governing the conduct of discovery (collectively, the "Albright Discovery Orders"). Each Court that adopts this Coordination Order thereby also adopts the Albright Discovery Orders except as amended by separate order of the court in the Coordinated Action.

4. The parties in a Coordinated Action may take discovery in a Coordinated Action only upon leave of the court in which the Coordinated Action is pending. Such leave shall be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the Albright Proceeding, and why it is not duplicative of discovery produced or conducted in the Albright Proceeding.

B. **Use of Discovery Obtained in the Albright Proceeding**

5. Counsel representing the parties in a Coordinated

Action will be entitled to receive all discovery produced and conducted in the Albright Proceeding, provided that each of the parties in the Coordinated Action has executed the Albright Protective Order and such discovery is used only in accordance with the terms of the Albright Protective Order in the Coordinated Action.

6. Depositions taken in the Albright Proceeding may be used in the Coordinated Actions as if they had been taken under the applicable civil discovery rules of the jurisdiction of the Coordinated Action. By agreement of the parties or by Order of the Albright Court, depositions taken in a Coordinated Action may be used in the Albright Proceeding as if they had been taken under the applicable discovery rules of the Albright Court.

C. **Service and Coordination Among Counsel**

7. Defendants shall serve upon plaintiff's counsel in the Albright Proceeding copies of all Complaints and Coordination Orders that are entered in the Coordinated Actions, and the names and contact information of plaintiffs' counsel of record in the Coordinated Actions on or about the first of every month. Service may be made by electronic means.

8. Any Court in a Related Action wishing to grant the parties before it access to coordinated discovery may do so by

executing the attached Order or otherwise indicating adoption of this Coordination Order for their action.

9. Plaintiff's counsel in the <u>Albright</u> Proceeding shall promptly serve by electronic means upon plaintiffs' counsel in each Coordinated Action all discovery produced and conducted in the <u>Albright</u> Proceeding. Deposition notices shall be served by e-mail or other electronic means.

10. Plaintiff's counsel in the <u>Albright</u> Proceeding shall maintain a log of all Orders entered in the <u>Albright</u> Proceeding and all discovery requests and responses sent and received in the <u>Albright</u> Proceeding and shall transmit a copy of said log by e-mail or other electronic means to plaintiffs' counsel in each Coordinated Action by the seventh (7th) day of each month, or on a more frequent basis upon written request.

### D. **Participation in Depositions in the Albright Proceeding**

11. Counsel representing a party in a Coordinated Action shall be permitted to attend any deposition scheduled in the <u>Albright</u> Proceeding. Prior to the deposition, any counsel in a Coordinated Action may contact counsel noticing the deposition to request an opportunity to ask questions in the deposition. Plaintiff's counsel in <u>Albright</u> shall take the lead in questioning, after which two other plaintiffs' counsel shall be permitted a reasonable amount of time to place non-duplicative

questions to the deponent. The three plaintiffs' counsel shall be permitted to make objections during examination by other counsel.

12. If any party in any Coordinated Action, through counsel of record in the Albright Proceeding, has been provided with reasonable notice of and opportunity to participate in a deposition taken in the Albright Proceeding, that party shall not be permitted to re-depose that deponent without first obtaining an Order of the Albright Court upon a showing of good cause therefor. Any party or witness receiving notice of a deposition which it contends is not permitted by the terms of this Order shall have seven (7) days from receipt of the notice within which to serve the noticing party with a written objection to the deposition. In the event of such an objection, the deposition shall not go forward until the noticing party applies for and receives an order from the Albright Court, if the notice was issued in the Albright Proceeding, or in the Coordinated Action Court, if the notice was issued in a Coordinated Action, granting leave to take the deposition.

E. **Participation in Written Discovery in the Albright Proceeding**

13. Prospectively, from the date of this Order's entry, at least one counsel of record for plaintiff in the Albright Proceeding, or their designee, shall confer with plaintiffs'

7

counsel in the Coordinated Actions, or their designees, in advance of the service of any requests for written discovery in the Albright Proceeding, taking such steps as may be necessary to avoid additional interrogatories, depositions on written questions, requests for admission, and requests for documents in the Coordinated Actions.

14. Plaintiffs' counsel in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions, and requests for admission to plaintiff's counsel in Albright for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be propounded in the Albright Proceeding.

**F. Discovery Dispute Resolution**

15. In the event that the parties are not able to resolve any disputes that may arise in the coordinated discovery conducted in the Albright Proceeding, including disputes as to the interpretation of the Albright Discovery Orders, such disputes will be presented to this Court in accordance with the Court's Individual Practices in Civil Cases. Resolution of such disputes may be sought by any party permitted by this Order to participate in the discovery in question.

16. Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or

plaintiff to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved.  The admissibility into evidence in any Coordinated Action of any material provided or obtained in accordance with this Order shall be determined by the court in which such action is pending.

## G. Implementing This Order

17.  Each Court that joins this Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

Dated:  New York, New York
        April 28, 2023

_____
DENISE COTE
United States District Judge

9