

777 Third Ave, Suite 2104, New York, NY 10017
Phone: 212.952.1100 Fax: 212.952.1110
www.hbandlaw.com

*Jennifer Bruder*
*Partner*
*Direct: 201.831.1405*
*jennifer.bruder@hbandglaw.com*

May 28, 2024

*Via ECF*

District Judge Hon. Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18B
New York, New York 10007

***Re:    Albright v. Daily Harvest, Inc., et al.***  Civil Action No.: 22-cv-05987

Dear Judge Cote,

We represent Smirk's Ltd. ("Smirk's") herein. First, Mr. Marler's letter is surprising for multiple reasons. First, we spoke on Friday about this case, and plaintiff's counsel asked if we could pause the discussions and speak again today, Tuesday, May 28, 2024. Attached hereto as **Exhibit "A"** is a copy of his email confirming our upcoming conversation today. Instead, Mr. Marler filed a letter on the Sunday of Memorial Day weekend.

Plaintiff's letter is also surprising as he already agreed that bringing plaintiffs to New York for IMEs would be "fair." See email attached hereto as **Exhibit "B."** I agreed to complete depositions of bellwether plaintiffs in their home cities of Tulsa, Oklahoma and Nashville, Tennessee and indeed will be traveling to Tulsa, Oklahoma tomorrow. In exchange, if needed the plaintiffs would come to NY for medical examinations.

Pursuant to case law related to the location of the IME specifically, a Rule 35 examination is "usually held in the location in which the party filed suit." Krasney v. Nationwide Mut. Ins. Co., No. 3:06 CV 1164 (JBA), 2007 U.S. Dist. LEXIS 90876, 2007 WL 9754485, at *3 (D. Conn. Dec. 11, 2007) (quoting 8A Fed. Prac. & Proc. Civ. 2d § 2234); Salemi v. Boccador, Inc., No. 02 CIV. 6648 (GEL), 2005 U.S. Dist. LEXIS 6828, 2005 WL 926965, at *2 (S.D.N.Y. Apr. 19, 2005) (internal citations omitted) ("Usually plaintiff will be required to come to the place where he or she filed suit for the examination . . . [and] [t]he party being examined must pay his or her own expenses for coming to the examination and bear the loss of time thus caused.");

In sum, plaintiff filed suit here in New York and must therefore appear in New York for an IME. As I have stated to plaintiff's counsel on multiple occasions, if plaintiff, T.A. is still in school, we would agree to jointly write to Your Honor and seek a later date for the IME. Plaintiff's counsel was supposed to determine whether T.A. was finished with school for the year and then

May 28, 2024
Page 2

advise. Instead, counsel filed this letter. Ultimately, as plaintiff filed litigation in New York, she is therefore obligated to come to New York for the Independent Medical Examination.

    Thank you very much for your Honor's time and attention to this matter.

                                      Respectfully Submitted,
                                      <u>s/ Jennifer Bruder</u>
                                      Jennifer Bruder
                                      Haworth Barber & Gerstman, LLC

4895-2526-6370, v. 1